EBENEZER GOOCH & *al. vs.* JESSE STEPHENSON & *al.*

The statute of 1835, *c.* 195, for the relief of poor debtors, does not apply to suits then commenced, or to process incident to them.

The statute of 1831, *c.* 520, for the abolition of imprisonment of honest debtors for debt, does not apply to actions founded on *tort*, or to process on judgments for costs.

Where a debtor is imprisoned on an execution issued on a judgment for costs, in a suit commenced prior to the passage of the statute of 1835, *c.* 195, the bond given to obtain the benefit of the prison limits should be made pursuant to the provisions of the statute of 1822, *c.* 209.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The action was debt on a jail bond, the condition of which recited, that *Stephenson,* the principal in the bond, was imprisoned in the county jail, on an execution for the defendant's costs of suit, recovered by the now plaintiffs, against him, *July* 4, 1835, in a suit commenced before 1835, and for officer's fees and costs of commitment; and provided, that if *Stephenson* should remain a true prisoner within the limits of the jail yard until lawfully discharged, and if not so discharged within nine months, that he should surrender himself to the jail keeper, and go into close confinement. The penalty of the bond was for double the amount of the execution and fees. The judgment recovered was read at the trial. The defendants contended, that the first part of the condition of the bond was insensible and void, and that the other part of the condition was against the policy of the law, and so void. The Judge instructed the jury, that they might consider the bond to be a legal and valid contract, and that if they found for the plaintiffs, the damages would be for one half of the penalty of the bond, with interest from the date of the service of the writ. The verdict was for the plaintiffs, and the defendants filed exceptions.

*J. Granger*, for the defendants.

The jury should have been instructed, that the bond was void, the condition being in restraint of the liberty of the debtor not authorized by law. The proceedings should have been in pursuance of the *stat.* of 1835, *c.* 195, as the judgment was rendered after the act went into operation. *Const. Art.* 1, *sec.* 1; *stat.* of 1835, *c.* 195, *sec.* 1, 2, 7, 10. This statute repeals the common law of imprisonment for debt. The jailer had no authority to receive or detain the debtor, and such detention would have been false imprisonment. *Green v. Morse*, 5 *Greenl.* 291; *Harrington v. Dennie*, 13 *Mass. R.* 93. Where the consideration of a contract, or the act undertaken to be performed, is in violation of a statute, no action can be maintained for a breach of it. *Wheeler v. Russell*, 17 *Mass. R.* 258; *Dwight v. Brewster*, 1 *Pick.* 20. Contracts in restraint of trade are void as against public policy; and *a fortiori*, contracts in restraint of personal liberty. *Peirce v. Fuller*, 8 *Mass. R.* 223; *Perkins v. Lyman*, 9 *ib.* 522.

*Chase*, for the plaintiffs.

The bond is taken pursuant to the provisions of the *statute* of 1822, *c.* 209. The *statute* of 1831, does not repeal or affect the provisions of the former statute in actions of tort, as this was, or in executions for costs, as this is. The statute of 1835, repeals only such parts of former acts, as are inconsistent with its provisions, and expressly excepts suits already commenced, and rights vested under the former acts. The bond was therefore rightly taken under the first act. The bond is also good at common law. *Pease v. Norton*, 6 *Greenl.* 229; *Baker v. Haley*, 5 *Greenl.* 240.

The opinion of the Court, after advisement, was drawn up by

WESTON C. J. — By the last section of the act of 1835, *c.* 195, for the relief of poor debtors, it is provided, that the act shall not be so construed as to affect any suit or suits already commenced; and prior acts, in relation to the same subject matter, are repealed, only so far as they are inconsistent with that act. The meaning of the proviso undoubtedly is, that the act is not to apply to process, which might issue on suits then commenced. Such suits, and the process incident to them, are exempted from its operation.

The *stat.* of 1831, *c.* 520, for the abolition of imprisonment of honest debtors for debt, did not apply to actions founded on tort, or to process on judgments for costs. The bond in controversy then, must have been taken under the statute of 1822, *c.* 209, for the relief of poor debtors. Its condition conforms to the fourth and twenty-first sections of the act last cited; and is fully justified by it. The penal sum in the bond is by that law to be in double the amount, for which the execution debtor was imprisoned. He was imprisoned for the amount of the judgment, the cost of the execution, and the costs of commitment. These sums doubled, are exactly equal to the penalty of the bond in suit.

*Exceptions overruled.*